Christina M. Roberto No. 317139
**TITTMANN WEIX LLP**
350 S. Grand Ave., Suite 1630
Los Angeles, California 90071
Phone: (213) 797-0630
croberto@tittmannweix.com

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS MEYER; KYLE RICE; AMAZON.COM SERVICES LLC; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("American Bankers"), by and through its undersigned counsel, and hereby makes its Complaint for Declaratory Relief brought against Defendants KYLE RICE, DOUGLAS MEYER and DOES 1 through 100, inclusive (collectively, "Defendants") on authority of Rule 57 and the Federal Rules of Civil Procedure and the provisions of 23 U.S.C. §§ 2201 and 2202. Jurisdiction over the claims contained herein is invoked pursuant to U.S.C. §§ 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiff and all Defendants and that the amount in controversy exceeds the sum of $75,000. In support of this Complaint, American Bankers hereby requests this Court to declare as follows:

## INTRODUCTION

1. American Bankers seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under a certain policy of insurance issued by American Bankers to Defendant Douglas Meyer, with respect to the action styled *Kyle Rice v. Douglas Meyer et al.*, Case No. 21STCV18305, currently pending in the Superior Court of Los Angeles County, California ("Personal Injury Action"). American Bankers seeks a judicial declaration that it neither owes a duty to defend nor indemnify Meyer against any liability he incurs in the Personal Injury Action, whether by settlement or judgment.

## THE PARTIES

2. American Bankers is a Florida corporation with its principal place of business in Miami, Florida. At all times relevant to this Complaint, American Bankers is and has been authorized to transact the business of insurance and does transact the business of insurance in the state of California.

3. Upon information and belief, Defendant Kyle Rice ("Rice") is a resident and citizen of Los Angeles County, California.

4. Upon information and belief, Defendant Douglas Meyer ("Meyer") is a resident and citizen of Los Angeles County, California.

5. Upon information and belief, Amazon.com Services LLC ("Amazon") is a Delaware Corporation with its principal place of business in Washington.

## JURISDICTION AND VENUE

6. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is completed diversity of citizenship between the Plaintiff and all Defendants, and the amount of controversy exceeds the sum of $75,000.

7. Upon information and belief, Rice seeks damages from Meyer in an amount of $15,000,000. Further, the limit of liability of the insurance policy at issue is $100,000. Accordingly, the amount in controversy exceeds the sum of $75,000.

8. This action properly lies in the United States District Court for the Central

District of California pursuant to 28 U.S.C. § 1391(b)(2) because the underlying action for which American Bankers seeks a declaration concerning the duties to defend and indemnify is taking place in the Superior Court of Los Angeles County, California.

## FACTUAL BACKGROUND

### I. RICE INITIATES THE PERSONAL INJURY ACTION AGAINST MEYER

9. On May 14, 2021, Rice filed the Personal Injury Action against Meyer. A true and correct copy of Rice's Complaint in the Personal Injury Action is attached hereto as **Exhibit 1**.

10. In the Personal Injury Action, Rice asserts a single cause of action against Meyer for Negligence.

11. Rice has not asserted a cause of action for assault, battery, or any other intentional tort against Meyer in the Personal Injury Action.

12. In his Complaint in the Personal Injury Action, Rice makes the following pertinent allegations:

   a. "At all times relevant hereto, [Rice] was a sworn police officer for the Los Angeles Police Department, assigned to various Divisions within the department."

   b. "On or around July 17, 2020, [Rice] responded to a dispatch call at or near 2nd Street and San Pedro Street in Los Angeles."

   c. "While [Rice] was responding to the incident at or near 2nd Street and San Pedro, [Meyer] aimed a laser in [Rice]'s direction and into [Rice]'s right eye. [Rice] immediately began to feel an extreme burning sensation in his right eye. Shortly thereafter, [Meyer] was apprehended by police, and a green light laser was located in plain view next to his wallet at his residence."

13. "[Meyer] thereafter admitted pointing the laser at [Rice]."

   d. "[T]he subject laser is a Class IIIIB laser."

   e. "Class IIIB lasers are hazardous and are unsafe for eye exposure," "can

      injure the human eye either by direct or reflected exposure," and "can burn paper and light matches."

  f. "As a result of having the subject laser pointed and shined in his right eye, [Rice] suffered severe and life-altering injuries. Specifically, [Rice] suffered trauma-induced injuries to his eye, which caused complete vision loss in said eye. [Rice] now also suffered from nausea, vomiting, difficulty balancing, and debilitating migraines."

  g. "[Meyer] owed [Rice] a legal duty to use reasonable case and caution when using, aiming, or otherwise operating lasers, including the subject laser, including but not limited to controlling the operation and movement of the laser such that it does not shine into the direction of others and specifically into the eyes of others, including [Rice]."

  h. "[Meyer] breached that duty of case by failing to operate the subject laser in a safe and reasonable manner. [Meyer] knew or should have known that shining the subject laser directly into the eye of [Rice] would result in serious injury to [Rice]."

14. "[Meyer] also *per se* breached the duty of care owed to [Rice] by violating California Penal Code 417.26, which makes it a violation of law to aim a laser at a police officer apprehension or fear of bodily harm and know that the person at whom he is aiming or pointing the laser is a police officer. … [Meyer] knew or should have known that [Rice] was a peace officer."

  i. "[Meyer] failed to take reasonable and necessary precautions while using, aiming, or otherwise operating the subject laser before and at the time [Meyer] pointed and shined the laser at [Rice] and, ultimately, his right eye."

  j. Plaintiff was injured and suffered various damages as a direct and proximate result of Meyer's conduct.

Personal Injury Action Complaint at ¶¶ 5-8, 10, 12, 17-24.[1]

15. Thereafter, Rice named Amazon as a defendant in the Personal Injury Action, asserting causes of action for "Strict Product Liability – Manufacturing Defect," "Strict Product Liability – Design Defect," "Strict Product Liability – Failure to Warn," and "Negligence – Product Liability" against Amazon.

16. On February 10, 2025, Amazon moved for summary judgment in the Personal Injury Action, seeking disposition of Rice's claims against it. A true and correct copy of Amazon's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment is attached hereto as **Exhibit 2**.

17. Upon information and belief, in support of its motion for summary judgment, Amazon took the position that Meyer "intentionally assault[ed]" Rice. Upon information and belief, in support of this position, Amazon cited the following evidence and/or made the following arguments:

   a. After the subject incident occurred, "[Rice] called out to [Meyer] asking him why he was 'trying to blind' him; [Meyer] yelled back, 'Because you are a harassing mother fucker.' [Meyer] also called [Rice] a 'murderer' and then told Plaintiff to '[g]o home and get the fuck out of here.'"

   b. "Meyer also told [Rice]: 'You're a murderer, sir…Go home and beat your own kids. Get the fuck out of here.'"

   c. "Meyer has a deep-seated antipathy for law enforcement. He was indicted for intentionally assaulting [Rice], and a jury convicted him."

   d. "[Rice]'s warning claims fail because the warning label on the laser clearly and specifically warned against shining the laser into someone's eye. What's more, no warning was required because Meyer actually knew the

---

[1] The foregoing excerpts from Rice's complaint are allegations only. American Bankers cites them only for the purpose of addressing the issues pertinent to coverage under the relevant insurance policy. By quoting these allegations, it is not American Bankers' intent to either admit or deny the validity of such allegations.

dangers of shining the laser in someone's eye – that was why he did it."

18. "Meyer's intentional misuse of the laser was the superseding cause of [Rice's alleged injuries]."

19. "After additional officers arrived and [Rice] identified Meyer as the person who shined the laser in his eye, they arrested Meyer, and he 'admitted to pointing the laser at Officer Rice[,] as well as another officer the day before.'"

20. "Nearly a year after the Incident and arrest, Meyer posted on his Instagram about the Incident: 'I'm probably gonna get a Medal of Honor for getting trash like Kyle Rice off the streets[.]' Gutierrez Decl., Trial-Ex. People's Ex. 7, at 15; *see also id.* at 6 ('Ask your opthamologist [sic] if Jewish space laser eye surgery is right for you'); *id.*, at 4 ('Shout-out to the person who kicked a cop in the nuts so hard he died')."

    e. "Meyer was prosecuted for assault of a peace officer under California Penal Code section 245(c). A jury found him guilty of the crime of assault on a peace officer in violation of California Penal Code section 241(c), a lesser offense to Penal Code section 245(c). … To find Meyer guilty, the jury had to find, among other things, that Meyer 'intentionally' shined the laser at Plaintiff … and that when he acted, he was aware of facts that would lead 'a reasonable person to realize that, as a direct, natural and probable result of the act, physical force would be applied to Plaintiff.'"

Memorandum in Support of Amazon's Motion for Summary Judgment, at 1-3.

21. On May 30, 2025 and June 3, 2025, Meyer sat for a deposition in the Personal Injury Action.

22. Upon information and belief, at deposition, Meyer admitted having made the statements referenced in Paragraphs 15a, 15b, and 15g, *supra*, among others expressing antipathy toward Rice, the Los Angeles Police Department, and police in general.

23. Upon information and belief, Meyer's deposition testimony about his mental state and actions at the time of the subject incident demonstrates that he intended to point the laser at Rice.

24. The Personal Injury Action is still pending.

## II. MEYER'S CRIMINAL CONVICTION FOR ASSAULT

25. Meyer was ultimately criminally charged in the Los Angeles Superior Court in connection with his actions on July 17, 2020.

26. Upon information and belief, Meyer was charged with a single count for Assault by Means of Force Likely to Produce Great Bodily Injury upon A Peace Officer in violation of California Penal Code Section 245, subdivision c.

27. Upon information and belief, Meyer's criminal trial commenced on or about April 3, 2024.

28. On April 5, 2025, at the conclusion of Meyer's criminal trial, the Honorable Craig E. Veals instructed the jury on the charges against Meyer. Judge Veals instructed the jury as to the various elements that they must find to be proven beyond a reasonable doubt in order to convict Meyer of the charged offense or any lesser included offense.

29. The following is a pertinent excerpt from the instructions which were given to the jury in Meyer's criminal trial:

> The defendant is accused of having committed the crime of Assault by Means of Force Likely To Produce Great Bodily Injury upon A Peace Officer, a violation of Penal Code Section 245, subdivision c.
>
> The alleged victim is Kyle Rice. The crime is alleged to have occurred on or about July 17, 2020.
>
> The word "willfully," … when applied to the intent with which an act is done means with a purpose or willingness to commit the act in question. The word "willfully" does not require any intent to violate the law or to injure another or to acquire any advantage.
>
> …
>
> In the crime of Assault by Means of Force Likely To Produce Great Bodily Injury upon A Peace Officer charged in Count 1, as well as with respect to each of its lesser crimes set forth elsewhere in these instructions, there must exist a union of joint operation of act or conduct and general criminal intent.
>
> General criminal intent does not require an intent to violate the law. When a person intentionally does that which the law declares that [sic] to be a crime, he is acting with general

> criminal intent, even though he may not know that his act or conduct is unlawful.
>
> …
>
> The crime of Misdemeanor Assault, a violation of Penal Code Section 240 is a lesser offense to the crime alleged in Count 1.
>
> Every person who commits an assault upon another person is guilty of a violation of Penal Code 240, a misdemeanor.
>
> In order to prove assault, each of the following elements must be proved. Number one, the person willfully committed an act which by its nature would probably and directly result in the application of physical force on another person.
>
> Number two, the person committing the act was aware of facts that would lead a reasonable person to realize that, as a direct, natural, and probable result of this act, physical force would be applied to another person. And number three, at the time the act was committed, the person committing the act had the present ability to apply physical force to the person of another.

30. On April 8, 2024, the jury convicted Meyer of the offense of Assault on a Peace Officer, in violation of Penal Code Section 241, subdivision a, a lesser included offense to the charged offense.

31. Meyer did not appeal his criminal conviction.

32. At deposition in the Personal Injury Action, Meyer testified that he feels he "had a fair trial" in the criminal matter. He also testified, in reference to his criminal trial and conviction, that "the truth shall set [him] free, and [he does] feel like the truth set [him] free in this instance." He further testified that he feels that the jury made the "right choice" in convicting him of the crime of assault on a peace officer in violation of California Penal Code Section 241(c).

33. In the Personal Injury Action, Amazon invoked Meyer's criminal conviction for violation of Penal Code Section 241(c) as evidence in support of its Motion for Summary Judgment.

### III. THE POLICY

34. American Bankers issued renters insurance policy, Policy number EQR 0260174, effective from March 18, 2020 to March 18, 2021, to Douglas Meyer (the

"Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit 3**.

35. The Policy contains the following relevant provisions:

### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

### DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

…

6. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a. "Bodily injury"; or

   b. "Property damage".

\*\*\*

### SECTION II – LIABILITY COVERAGES

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

\*\*\*

**SECTION II – EXCLUSIONS**

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

   a. Which is expected or intended by an "insured"; even if the resulting "bodily injury" or "property damage" is of a different kind, degree or quality than initially expected or intended; or is sustained by a different person, entity, real or personal property;

\*\*\*

36. American Bankers is defending Meyer in the Personal Injury Action subject to a reservation of rights under the Policy.

**FIRST CAUSE OF ACTION**

(Declaratory Relief - No Duty to Defend or Indemnify)

37. Plaintiff hereby incorporates by reference paragraphs 1 to 31 inclusive, as if fully set forth herein.

38. American Bankers does not have a duty to defend or indemnify Meyer in the Personal Injury Action for each of following independent reasons.

39. American Bankers therefore requests a declaration that it does not have a duty, under the Policy, to defend Meyer in the Personal Injury Action under the Policy.

40. American Bankers also requests a judicial declaration that it does not have a duty, under the Policy, to indemnify Meyer in the Personal Injury Action.

**A.  American Bankers Does Not Have a Duty to Defend or Indemnify Meyer Because His Conduct Does Not Constitute an Occurrence.**

41. American Bankers does not have a duty to defend or indemnify Meyer in the Personal Injury Action as his conduct at issue in that case does not constitute an "occurrence" within the meaning of the Policy.

42. For coverage to be triggered under the Policy, Rice's alleged damages must have been caused by an "occurrence."

43. An "occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results,

during the policy period, in: a. 'Bodily injury'; or b. 'Property damage[.]'".

44. While the Policy does not further define the term "accident," California courts routinely define the term to require unintentional acts or conduct. Thus, an accident is never present when the insured performs a deliberate act. S*ee Merced Mutual Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 50 (1989).

45. Further, the law is clear that, where an insured intends the act leading to a claimant's injuries, the conduct is not deemed accidental simply because the insured did not intend to cause the resulting injuries. *See State Farm General Ins. Co. v. Frake*, 197 Cal. App. 4th 568, 585 (2011); *see also Collin v. Am. Empire Ins. Co.*, 21 Cal. App. 4th 787, 810 (1994) ("Because the term 'accident' refers to the insured's intent to commit the act giving rise to liability, as opposed to his or her intent to cause the consequences of that act, the courts have recognized—virtually without exception—that deliberate conduct is not an 'accident' or 'occurrence' irrespective of the insured's state of mind"). Additionally, an intentional act does not become an accident merely because the insured was acting under a mistake of fact. *See Frake*, 197 Cal. App. 4th at 584.

46. Meyer's conviction of Assault on a Peace Officer in violation of Penal Code Section 241(c) necessarily required a finding that Meyer's conduct was intentional.

47. Under California law, Meyer's conduct on July 17, 2020 did not constitute an "occurrence" irrespective of whether he intended to cause Rice's alleged injuries.

48. Because a jury determined that Meyer's conduct with respect to Rice on July 17, 2020 was intentional, Meyer is collaterally and/or judicially estopped from relitigating this issue.

49. Therefore, the conduct was not accidental and does not constitute an "occurrence" under the Policy.

50. Accordingly, American Bankers does not owe a duty to defend or indemnify Meyer in the Personal Injury Action as the alleged conduct does not trigger coverage under the Policy.

51. As an additional and alternative basis for the requested relief, the evidence

elicited in the criminal trial and the Personal Injury Action proves that Meyer's conduct with respect to Rice on July 17, 2020 did not constitute an "occurrence" within the meaning of the Policy.

**B.     American Bankers Does Not Have a Duty to Defend or Indemnify Meyer Because Coverage is Precluded by The Expected or Intended Injury Exclusion.**

52.    American Bankers does not have a duty to defend or indemnify Meyer in the Personal Injury Action, as coverage is precluded by the Expected or Intended Injury Exclusion.

53.    The Policy excludes coverage for bodily injury "[w]hich is expected or intended by an 'insured'; even if the resulting 'bodily injury' . . . is of a different kind, degree or quality than initially expected or intended; or is sustained by a different person . . ."

54.    Under California law, the Exclusion applies to not only to injuries intentionally caused by the insured, but also to injuries the insured knew were substantially certain to occur. *Armstrong World Industries v. Aetna Casualty & Surety Co.*, 45 Cal. App. 4th 1, 74 (1996). In other words, the exclusion "applies to injuries that the insured subjectively knew or believed to be practically certain to occur even though the insured did not act for the purpose of causing the injury." *Id*.

55.    Meyer was convicted by a jury of Assault on a Peace Officer in violation of Penal Code Section 241(c), in connection with the same incident alleged by Rice in the Personal Injury Action.

56.    Meyer's conviction necessarily required a finding, beyond a reasonable doubt, that Meyer's conduct was intentional.

57.    Meyer's conviction also necessarily required a finding, beyond a reasonable doubt, that Meyer "was aware of facts that would lead a reasonable person to realize that, as a direct, natural, and probable result of this act, physical force would be applied to another person."

58.     Thus, Meyer is collaterally estopped from relitigating the issues of his intent and knowledge which were decided by the jury in his criminal trial.

59.     Further, the Exclusion applies even if Rice's alleged injuries were of a different kind, degree, or quality than Meyer expected. Thus, even if Rice's alleged injuries were more severe than Meyer expected, the evidence elicited in the criminal trial and Personal Injury Action and/or the jury's conviction of Meyer establish that Meyer was still practically certain that some injury would occur.

60.     The alleged bodily injuries for which Rice seeks to hold Meyer liable in the Personal Injury Action were expected or intended by Meyer.

61.     Accordingly, American Bankers does not owe a duty to defend or indemnify Meyer in the Personal Injury Action because the Expected or Intended Injury Exclusion precludes coverage.

**C.    American Bankers Does Not Have a Duty to Indemnify Meyer Because Willful Acts Are Uninsurable as a Matter of Law Under California Insurance Code Section 533.**

62.     American Bankers does not have a duty to indemnify Meyer in the Personal Injury Action because willful acts are not insurable as a matter of law under California Insurance Code § 533.

63.     California Insurance Code Section 533 prohibits an insurer from indemnifying its insured for a loss caused by the insured's willful act.

64.     California courts have clarified that "motive is irrelevant for purposes of § 533." *J.C. Penney Casualty Ins. Co. v. M.K.*, 52 Cal.3d 1009, 1026 (1991). "The focus is on the harmful nature of the insured's act, not on his or her subjective intent to cause harm." *Fire Ins. Exchange v. Altieri*, 235 Cal. App. 3d 1352, 1359 (1991). Thus, § 533 precludes coverage for an intentional act where the harm is inherent in the act itself.

65.     Regardless of Meyer's subjective intent, Meyer's act of Assault on a Peace Officer in violation of Penal Code Section 241(c) was inherently harmful.

66.     Rice seeks to hold Meyer liable in the Personal Injury Action for willful acts

that are inherently harmful.

67. Accordingly, American Bankers does not have a duty to indemnify Meyer in the Personal Injury Action because coverage is precluded under California Insurance Code § 533.

**D. American Bankers Does Not Have a Duty to Indemnify Because Meyer's Conduct is Uninsurable as a Matter of Law Under California Civil Code Section 1668.**

68. American Bankers does not have a duty to indemnify Meyer in the Personal Injury Action because Meyer's conduct is uninsurable as a matter of law under California Civil Code Section 1668.

69. California Civil Code Section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

70. Under California law, Section 1668 precludes coverage where an insured intentionally violates the law. *See State Farm Fire and Cas. Co. v. Baer*, 745 F. Supp. 595, 598 (N.D. Cal. 1990) (holding where insured committed the crime of provision of a controlled substance to others, insured's actions were so extreme that they cannot be insured under Section 1668).

71. As explained above, Meyer was convicted by a jury of Assault on a Peace Officer in violation of Penal Code Section 241(c), in connection with the same incident alleged by Rice in the Personal Injury Action.

72. Meyer's act was an intentional violation of the law that cannot be insured under Section 1668.

73. Accordingly, American Bankers does not have a duty to indemnify Meyer in the Personal Injury Action because Meyer's conduct is not insurable under California Civil Code Section 1668.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Bankers Insurance Company of Florida prays for the following relief:

1. For declarations and orders that American Bankers does not have a duty to defend or indemnify Defendant Douglas Meyer with respect to the Personal Injury Action filed by Kyle Rice against him because:

    a. Meyer's conduct does not constitute an "occurrence";

    b. Coverage is precluded by the Expected or Intended Injury Exclusion;

    c. Coverage is precluded under California Insurance Code Section 533; and/or

    d. Coverage is precluded under California Civil Code Section 1668.

2. For costs and fees incurred herein; and

3. For any such other relief as the Court deems just and proper.

Dated: August 5, 2025

TITTMANN WEIX LLP

By: _____
Christina M. Roberto

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDAAMERICAN BANKERS INSURANCE COMPANY

Case No. _____

15

COMPLAINT FOR DECLARATORY RELIEF